## J. ALGER ADAMS v. THE STATE.

### No. 1478. Decided January 10, 1912.

**1.—Sodomy—Allusion to Defendant's Failure to Testify.**

Where, upon trial of sodomy, the State's counsel commented on the fact that when defendant was arrested the prosecuting witness had charged him with the offense and he did not deny it, this was not an allusion to defendant's failure to testify.

**2.—Same—Bill of Exceptions—Qualification.**

Where appellant accepts the bill of exceptions as qualified by the lower court, he is bound thereby.

**3.—Same—Newly Discovered Evidence—Identity.**

Where, upon trial of sodomy, the defendant was positively identified, and

the so-called newly discovered evidence is not of that nature, as to identification, as to cause a reversal, there was no error.

**4.—Same—Alibi—Sufficiency of the Evidence.**
    Where the question of alibi was submitted to the jury, and the evidence sustained a conviction for sodomy, there was no error.

Appeal from the Criminal District Court of Galveston.    Tried below before the Hon. Clay S. Briggs.

Appeal from a conviction of sodomy; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellant was indicted, charged with the offense of sodomy, and when tried was convicted and his punishment assessed at five years confinement in the penitentiary.

In the motion for a new trial there are but two grounds, 1st, alleging the insufficiency of the evidence, and, 2d, newly discovered testimony; however, there is a bill of exceptions raising a third ground. The bill is as follows: "Be it remembered that on the 10th day of May, 1911, upon a trial of said above styled and numbered cause, in open court, and while said cause was being tried in said court, and the argument of counsel was being heard, the counsel for the State, Mr. Henry O'Dell, in his argument to the jury, used the following language, viz.: 'Gentlemen of the jury, with this serious charge staring this defendant in the face, he has not denied it.' Whereupon in open court, defendant excepted to said language, because it reflected upon his not testifying in his own behalf in the trial of said cause, and tended to prejudice the jury against this defendant, contrary to law and the rules of procedure governing trials of this character."

In approving the bill, the court made the following endorsement thereon: "Approved with the qualification that during the argument of Mr. Henry O'Dell he was discussing what transpired when the prosecuting witness pointed defendant out to the police officer, before defendant's arrest and the statement of said prosecuting witness made after defendant's arrest to the effect, 'You know you done it;' said counsel for State saying 'and the defendant did not deny it,' instead of the quoted language in foregoing bill. Whereupon the defendant excepted and objected to what he claimed was the State's allusion to the defendant's failure to testify and the State's attorney replied that he had reference to what occurred when prosecuting witness pointed defendant out to the officer the morning of the arrest, and not to defendant's failure to testify. Whereupon the court

at once instructed the jury to disregard said statement in argument to jury of the State's attorney even though referring to any alleged failure of defendant to deny the prosecuting witness' accusing statement at time of arrest of defendant, and they could not consider same, nor could they consider defendant's failure to testify, and the court also charged in its written charge that the jury could not consider comment on or refer to defendant's failure to testify or take it as a circumstance against him, as more fully appears from such charge. The matters contained in this bill further were not presented or urged in defendant's motion for new trial."

The appellant accepted the bill as qualified, and as thus presented there was no error. The district attorney had the right to comment on the fact that when defendant was arrested the prosecuting witness had charged him with the offense, and he did not deny it, and especially is this true in the light of the testimony of Mattie Marti, a witness for defendant, who says that at this time defendant said: "He won't tell in your presence." This, in connection with the statement that the prosecuting witness had said, "You know what you done last night," and the woman says she told the prosecuting witness to "spit it out," when defendant made the above remark, "he won't tell in your presence," thus indicating that defendant knew with what offense he was being charged without even being told, and a person would hesitate to state the offense in the presence of a woman.

The alleged newly discovered evidence is not such as to authorize a reversal of the case. In the affidavits, while the witnesses state they met a man on that night who admitted he was guilty of sodomy, yet the affidavits do not in any way identify this prosecuting witness as the person upon whom said acts were committed, nor describe the man in such way, if the prosecuting witness was telling the truth, to suggest that he was mistaken in identifying the defendant the next morning as the person who committed the outrage on him, nor fix the time at such an hour as would indicate that the person whom they met had committed this outrage. Taking into consideration the positive identification of defendant by the prosecuting witness, that he pointed him out the next morning, the alleged newly discovered testimony is not of that nature as to cause a reversal of the case.

The evidence amply supports the verdict, and while the defendant attempted to prove an alibi, this issue was fairly and fully submitted to the jury by the court. There is no complaint of the charge of the court, and in reading it, every issue suggested by the testimony is submitted.

The judgment is affirmed.

*Affirmed.*